E

X

H

I

B

I

T

E

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | |
| Sherry Knight as personal representative of the ) estate of Michael Knight, ) | CIVIL ACTION COVERSHEET |
| **Plaintiff(s)** ) | 2015-CP - 10  -8906 |
| **vs.** ) | |
| Chad Thomas Cochran, North Park Grill, ) Laramie/Otranto Limited Partnership, d/b/a ) Otranto Plaza, ) | |
| **Defendant(s)** ) | |

Submitted By: Jessica L. Fickling
Address: STROM LAW FIRM, LLC, 2110 N. Beltline
Blvd. Columbia, SC 29204

| | |
|---|---|
| SC Bar #: | 100161 |
| Telephone #: | 803-252-4800 |
| Fax #: | 803-252-4801 |
| Other: | |
| E-mail: | jfickling@stromlaw.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION  *(Check all that apply)*
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.  ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION  *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts—Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☒ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) |
| ☐ Employment (180) | | ☐ Other (399) | |
| ☐ Other (199) | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |

**Submitting Party Signature:** _____   Date: 7/08/2015

SCCA / 234 (06/2015)

Page 1 of 3

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON | COURT OF COMMON PLEAS<br>FOR THE 9TH JUDICIAL CIRCUIT |

STATE OF SOUTH CAROLINA          )     COURT OF COMMON PLEAS
COUNTY OF CHARLESTON             )     FOR THE 9TH JUDICIAL CIRCUIT
                                 )
SHERRY KNIGHT,      as personal  )     C/A No.: 2015-CP-10 - 3900290
 Representative for the Estate of Michael )
Knight,                          )
                                 )     SUMMONS
              Plaintiff,         )
                                 )
                                 )
v.                               )
                                 )
Chad Thomas Cochran, North Park Grill, )
And Laramie/Otranto Limited Partnership )
d/b/a Otranto Plaza,             )
                                 )
              Defendants.        )
_____ )

TO:  THE ABOVE NAMED DEFENDANTS AND/OR THEIR LEGAL REPRESENTATIVES

        YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy

of which is hereby served on you, and to serve a copy of your Answer to the said Complaint upon the

Subscribers at 2110 Beltline Boulevard, Columbia, South Carolina 29204, within thirty (30) days after

service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the

time aforesaid, judgment by default will be rendered against you for the relief demanded in such

Complaint.

                                        STROM LAW FIRM, LLC


                                        Jessica L. Fickling
                                        Mario A. Pacella
                                        Strom Law Firm, LLC
                                        2110 Beltline Boulevard
                                        Columbia, South Carolina 29204
                                        Telephone No.: (803) 252-4800
                                        Fax No.: (803) 252-4801

Columbia, South Carolina
July 8, 2015

STATE OF SOUTH CAROLINA )   COURT OF COMMON PLEAS
COUNTY OF CHARLESTON )   FOR THE 9TH JUDICIAL CIRCUIT
                                                  )
SHERRY KNIGHT,  as personal )   C/A No.: 2015-CP-10-3906
 Representative for the Estate of Michael )
Knight, )
                                                  )   **COMPLAINT**
·Plaintiff, )   **(Jury Trial Demanded)**
                                                  )
v. )
                                                  )
Chad Thomas Cochran, North Park Grill, )
And Laramie/Otranto Limited Partnership )
d/b/a Otranto Plaza, )
                                                  )
Defendants. )



PLAINTIFF Sherry Knight, individually and in her fiduciary capacity as personal

representative for the Estate of Michael Knight, would respectfully show unto this Court

as follows:

## NATURE OF THE CASE

1.      Plaintiff, Sherry Knight, ("Plaintiff") brings this action to recover damages

arising out of, and related to, Defendants' North Park Grill ("Defendant NPG","NPG")

Laramie/Otranto Limited Partnership d/b/a Otranto Plaza ("Defendant Otranto Plaza")

and Chad Thomas Cochran ("Defendant Cochran") wrongful acts, which lead to the

death of decedent Michael Knight on or around September 12, 2013.

2.      As further set forth below, as a direct and proximate result of Defendants'

negligent, grossly negligent, intentional, reckless, willful and wanton actions, including

but not limited to assault and battery, failure to provide adequate security, access to

security, rules and restrictions designed to prevent the commission of violent crimes,

Defendants are liable to Plaintiff for the wrongful death of Michael Knight.

## PARTIES

3.     Plaintiff Sherry Knight is the duly appointed personal representative of the Estate of Michael Knight (Estate # 2014-ES-08-106), and Michael Knight's biological mother. Sherry Knight was appointed personal representative by Order of the Berkeley County Probate Court issued February 10, 2014, and is a resident of Goose Creek, South Carolina.

4.     At all times relevant to this Complaint, Defendant Chad Thomas Cochran was a resident of North Charleston, South Carolina residing at 7925 St. Ives Road, # 12E.

5.     Upon information and belief, at all times relevant to this Complaint, Defendant North Park Grill is a limited liability corporation, organized and existing pursuant to the laws of South Carolina, whose primary place of business is 8780 Rivers Avenue, Unit A-126, North Charleston, South Carolina 29406, and whose registered agent is Ralph D. Hillburn.

6.     Upon information and belief, at all times relevant to this complaint, Defendant Otranto Plaza is a limited liability partnership organized and existing pursuant to the state of South Carolina, whose primary address is 8780 Rivers Avenue, and whose owner resides at 500 N. Broadway, Ste. 239, Jericho, New York 11753.

## JURISDICTION AND VENUE

7.     Jurisdiction and venue are proper before this Court as the actions that are the subject matter of this complaint took place in North Charleston, South Carolina, upon or around the premises at 8780 Rivers Avenue, and the parties are all residents of South Carolina, or entities organized and existing pursuant to the laws of South Carolina. S.C. Code § 15-7-30(C)(2), (E)(2).

2

## FACTUAL BACKGROUND

8.    At the time of his death on September 12, 2013, Michael Knight was 24 years old, one week from his 25th birthday. He was the father of one year old Robert Knight.

9.    This lawsuit is brought on behalf of Michael Knight's estate by Sherry Knight, Michael's mother and the personal representative appointed to his estate.

10.    On September 12, 2013, Michael Knight, and his brother Christopher Knight, were customers upon the premises of the North Park Grill, in North Charleston, South Carolina.

11.    The North Park Grill is a food and beverage establishment located at 8780 Rivers Avenue, Unit A-126, North Charleston, South Carolina.

12.    On the evening of Michael's death, Defendant Chad Cochran was also a customer upon the premises at the North Park Grill.

13.    Upon information and belief, Chad Cochran began a verbal altercation with Christopher Knight while upon the premises at the North Park Grill.

14.    Upon information and belief, no representative of the North Park Grill made any effort to stop this altercation, nor to engage law enforcement, or security personnel to stop the altercation.

15.    The altercation continued into the parking lot area of the North Park Grill, at which time Chad Cochran drew a Kimber Pro TLE/R-II 45 calibur handgun, kicked Michael Knight in the torso, and fired a single shot into Michael's chest.

16.    Upon information and belief, no representative of the North Park Grill contacted emergency services to respond to the scene.

3

17.    Instead, upon information and belief, an independent witness and/or Christopher Knight called emergency services who responded to the scene to find Michael Knight, alive but in critical condition.

18.    Michael Knight was lucid as he was transported to Trident Hospital for treatment.

19.    Within hours of being shot by Chad Cochran, Michael succumbed to his injuries and died.

20.    Upon information and belief, as a result of his role in the death of Michael Knight, Chad Cochran was arrested.

21.    Upon information and belief, on June 4, 2015, Chad Cochran plead guilty to voluntary manslaughter for his role in the shooting of Michael Knight.

22.    Upon information and belief, from 2011 through January of 2014 over 55 incidents were reported to police upon the premises of Defendants Otranto Plaza and North Park Grill.

23.    Upon information and belief, this number has only increased since 2014.

24.    These incidents involved both minor crimes as well as violent occurrences.

25.    These occurrences include but are not limited to the following:

    a.    Petty theft;

    b.    Shoplifting;

    c.    Copper theft;

    d.    Auto break-ins;

    e.    Fraud;

4

f.    Public intoxication;

g.    Simple assault;

h.    Armed robbery;

i.    Burglary/ Breaking and entering;

j.    Simple possession;

k.    Unlawful carrying of a pistol;

l.    Disorderly conduct;

m.    Trespass;

n.    Assault and battery;

o.    Vandalism;

p.    Homicide.

26.    Numerous of the above referenced incidents occurred on the premises of Defendant North Park Grill or directly in its parking lot, including instances of unlawful carrying of a pistol, reports of assault and battery and disorderly conduct.

27.    These incidents both predate and postdate the shooting death of Michael Knight, and placed Defendants North Park Grill and Otranto Plaza on notice of the need for security upon the premises, or adequate access to law enforcement personnel.

28.    Despite knowledge of these particularized violent occurrences, which would put a reasonable business owner on notice of the responsibility to protect customers from a foreseeable risk, Defendant North Park Grill and Otranto Plaza instituted no security measures designed to prevent or mitigate the existence of violent crime.

### FOR A FIRST CAUSE OF ACTION AS TO DEFENDANTS NORTH PARK GRILL AND OTRANTO PLAZA

**(Survival)**

29.     Plaintiff realleges the preceding paragraphs as though repeated verbatim herein.

30.     As set forth above, as a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, willful and wanton acts, Michael Knight was shot and killed on the evening of September 12, 2013.

31.     Defendants' acts that proximately caused Michael Knight's injuries and death include, but are not limited to, the following:

    a.     The failure of Defendants to provide security services upon the premises sufficient to prevent the foreseeable risk of violent crime;

    b.     The failure of Defendants to provide law enforcement personnel upon the premises sufficient to prevent the foreseeable risk of violent crime;

    c.     The failure of Defendants to impose rules and restrictions upon the premises sufficient to prevent the foreseeable risk of violent crime;

    d.     The failure of the Defendants to adequately and timely respond to known threats of violence sufficient to prevent the foreseeable risk of shooting upon the premises;

    e.     The failure to have adequate, timely access to local law enforcement personnel sufficient to prevent the foreseeable risk of violent crime;

f.      The failure of Defendants to perform adequate security checks of patrons entering upon the premises, despite the known risk of customers carrying arms upon the premises.

32.      As a direct result of Defendants' negligent, grossly negligent, reckless, willful and wanton conduct, described more fully above, Michael Knight was severely injured, suffered needlessly both mentally and physically, and subsequently died from his injuries.

33.      Plaintiff is entitled to judgment against Defendants for actual, consequential, and punitive damages for the Defendants' actions.

## FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT CHAD THOMAS COCHRAN
### (Survival)

34.      Plaintiff realleges the preceding paragraphs as though repeated verbatim herein.

35.      As set forth above, as a direct and proximate result of Defendant's negligent, grossly negligent, intentional, reckless, willful and wanton conduct, Michael Knight was shot and killed on the evening of September 12, 2013.

36.      Defendant's acts that proximately caused Michael Knight's injuries and death include but are not limited to the following:

a.      Carrying a firearm onto a business premises;

b.      Initiating a verbal altercation with the deceased and/or the deceased's brother;

7

c.    Intentionally, and without the deceased's permission, using physical force against the deceased by kicking him, such that Michael Knight was reasonably in fear for his safety;

d.    Deploying a firearm upon Michael Knight and mortally wounding him;

37.    As a direct and proximate result of Defendant's negligent, grossly negligent, intentional, reckless, willful and wanton conduct, described more fully above, Michael Knight was severely injured, suffered needlessly, both physically and mentally and subsequently died from his injuries.

38.    Plaintiff is entitled to judgment against Defendant for actual, consequential, and punitive damages for Defendant's actions.

### FOR A SECOND CAUSE OF ACTION AS TO ALL DEFENDANTS
#### (Wrongful Death Under S.C. Code § 15-51-10, *et seq.*)

39.    Plaintiff realleges the preceding paragraphs as though repeated verbatim herein.

40.    Plaintiff brings this action for the wrongful death of Michael Knight pursuant to S.C. Code § 15-51-10, *et seq.* on behalf of the statutory heirs of Michael Knight, who died on or around September 12, 2013.

41.    The death of Michael Knight was caused as a direct and proximate result of the negligent, grossly negligent, reckless, intentional, willful and wanton conduct of the Defendants as set forth more fully above.

42.    As a direct and proximate result of the negligent, grossly negligent, reckless, intentional, willful and wanton conduct of Defendants, Michael Knight 's statutory heirs have been damages and suffered as follows:

8

    a.    loss of financial, economic support, and contribution;

    b.    extreme mental shock and suffering;

    c.    tremendous grief and sorrow;

    d.    loss of the parental relationship;

    e.    loss of the relationship with a child;

    f.    loss of friendship and companionship; and

    g.    deprivation of the use and comfort of the deceased's society, knowledge, judgment, and experience.

43.    As a direct and proximate result of Defendant's negligent, grossly negligent, reckless, intentional, willful and wanton conduct as described more fully above, Plaintiff is also entitled to consequential and punitive damages in an amount to be determined by a jury in accordance with the law and evidence in this case.

WHEREFORE, Plaintiff individually, and in her fiduciary capacity as the personal representative of the Estate of Michael Knight, prays for judgment against Defendants, jointly and severally, for actual, consequential and punitive damages, for costs associated with this action, and for such other relief in law or equity as this court deems just and proper.

STROM LAW FIRM, LLC

Jessica L. Fickling
Mario A. Pacella
2110 N. Beltline Boulevard
Columbia, SC 29204
TEL: (803) 252-4800
FAC: (803) 252-4801
jfickling@stromlaw.com
mpacella@stromlaw.com

This 8 day of July_____, 2015.

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CHARLESTON | ) | |

STATE OF SOUTH CAROLINA )

COUNTY OF CHARLESTON )

)

Sherry Knight as personal representative of the )
estate of Michael Knight, )

Plaintiff(s) )

vs. )

)

Chad Thomas Cochran, North Park Grill, )
Laramie/Otranto Limited Partnership, d/b/a )
Otranto Plaza, )

Defendant(s) )

IN THE COURT OF COMMON PLEAS

CIVIL ACTION COVERSHEET

2015-CP- 10 - 3906

FILED
2015 SEP 14 PM 3:05
JULIE J. ARMSTRONG
CLERK OF COURT

Submitted By: Jessica L. Fickling
Address: STROM LAW FIRM, LLC, 2110 N. Beltline
Blvd. Columbia, SC 29204

| SC Bar #: | 100161 |
|---|---|
| Telephone #: | 803-252-4800 |
| Fax #: | 803-252-4801 |
| Other: | |
| E-mail: | jfickling@stromlaw.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*
*\*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.     ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20____-NI-_____-_____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ | ☐ Notice/ File Med Mal (230) | ☒ Wrongful Death (360) | ☐ Possession (450) |
| Warranty (160) | ☐ Other (299) | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| | | ☐ Sander/Libel (380) | ☐ Other (499) |
| ☐ Employment Discrim (170) | | ☐ Other (399) | |
| ☐ Employment (180) | | | |
| ☐ Other (199) | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured | ☐ Worker's Comp (960) |
| | | Settlement Payment Rights | ☐ Zoning Board (970) |
| | | Application (760) | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | Compensation Settlement | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | Approval (780) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in | ☐ Other (799) | |
| ☐ Sexual Predator (510) | an Out-of-County Action (660) | | |
| | ☐ Pre-Suit Discovery (670) | | |

Submitting Party Signature: _____     Date:

SCCA / 234 (06/2015)     Page 1 of 3

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:     You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.**

SCCA / 234 (06/2015)                                                    Page 3 of 3

STATE OF SOUTH CAROLINA          )     COURT OF COMMON PLEAS
COUNTY OF CHARLESTON             )     FOR THE 9TH JUDICIAL CIRCUIT
                                 )
SHERRY KNIGHT,     as personal   )     C/A No.: 2015-CP-_10_-_3406_
 Representative for the Estate of Michael )
Knight,                          )
                                 )
                Plaintiff,       )     **SUMMONS FOR**
                                 )     **1st AMENDED COMPLAINT**
v.                               )
                                 )
Chad Thomas Cochran, North Park Grill, )
LLC, Stanec Enterprises, LLC, and )
Laramie/Otranto Limited Partnership )
d/b/a Otranto Plaza,             )
                                 )
                Defendants.      )
_____)

TO:  THE ABOVE NAMED DEFENDANTS AND/OR THEIR LEGAL REPRESENTATIVES

    YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy

of which is hereby served on you, and to serve a copy of your Answer to the said Complaint upon the

Subscribers at 2110 Beltline Boulevard, Columbia, South Carolina 29204, within thirty (30) days after

service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the

time aforesaid, judgment by default will be rendered against you for the relief demanded in such

Complaint.

                            STROM LAW FIRM, LLC

                            Jessica L. Fickling
                            Mario A. Pacella
                            Strom Law Firm, LLC
                            2210 Beltline Boulevard
                            Columbia, South Carolina 29204
                            Telephone No.: (803) 252-4800
                            Fax No.: (803) 252-4801

Columbia, South Carolina
September 11, 2015

STATE OF SOUTH CAROLINA          )    COURT OF COMMON PLEAS
COUNTY OF CHARLESTON             )    FOR THE 9TH JUDICIAL CIRCUIT
                                 )
SHERRY KNIGHT,  as personal      )    C/A No.: 2015-CP-10- 3906
 Representative for the Estate of Michael )
Knight,                          )
                                 )    1st AMENDED COMPLAINT
            Plaintiff,           )    (Jury Trial Demanded)
                                 )
v.                               )
                                 )
Chad Thomas Cochran, North Park Grill, )
LLC, Stanec Enterprises, LLC, and )
Laramie/Otranto Limited Partnership )
d/b/a Otranto Plaza,             )
                                 )
            Defendants.          )
_____)

PLAINTIFF Sherry Knight, individually and in her fiduciary capacity as personal

representative for the Estate of Michael Knight, would respectfully show unto this Court

as follows:

## NATURE OF THE CASE

1.      Plaintiff, Sherry Knight, ("Plaintiff") brings this action to recover damages

arising out of, and related to, the wrongful acts of Defendants North Park Grill

("Defendant NPG","NPG") Laramie/Otranto Limited Partnership d/b/a Otranto Plaza

("Defendant Otranto Plaza"), Stanec Enterprises, LLC ("Defendant Stanec") and Chad

Thomas Cochran ("Defendant Cochran"), which lead to the death of decedent Michael

Knight on or around September 12, 2013.

2.      As further set forth below, as a direct and proximate result of Defendants'

negligent, grossly negligent, intentional, reckless, willful and wanton actions, including

but not limited to assault and battery, failure to provide adequate security, access to

security, rules and restrictions designed to prevent the commission of violent crimes, Defendants are liable to Plaintiff for the wrongful death of Michael Knight.

## PARTIES

3.    Plaintiff Sherry Knight is the duly appointed personal representative of the Estate of Michael Knight (Estate # 2014-ES-08-106), and Michael Knight's biological mother. Sherry Knight was appointed personal representative by Order of the Berkeley County Probate Court issued February 10, 2014, and is a resident of Goose Creek, South Carolina.

4.    At all times relevant to this Complaint, Defendant Chad Thomas Cochran was a resident of North Charleston, South Carolina residing at 7925 St. Ives Road, # 12E.

5.    Upon information and belief, at all times relevant to this Complaint, Defendant North Park Grill has been a limited liability corporation, organized and existing pursuant to the laws of South Carolina, whose primary place of business is 8780 Rivers Avenue, Unit A-126, North Charleston, South Carolina 29406, and whose registered agent is Ralph D. Hillburn.

6.    Upon information and belief, at all times relevant to this complaint, Defendant Stanec Enterprises, LLC has been a limited liability corporation, organized and existing pursuant to the laws of South Carolina, whose primary place of business is 8780 Rivers Avenue, North Charleston, South Carolina, 29406, and whose registered agent is Stephen J. Stanec, Jr.

7.    Upon information and belief, at all times relevant to this complaint, Defendant Otranto Plaza has been a limited liability partnership organized and existing

2

pursuant to the state of South Carolina, whose primary address is 8780 Rivers Avenue, and whose owner resides at 500 N. Broadway, Ste. 239, Jericho, New York 11753.

## JURISDICTION AND VENUE

8.    Jurisdiction and venue are proper before this Court as the actions that are the subject matter of this complaint took place in North Charleston, South Carolina, upon or around the premises at 8780 Rivers Avenue, and the parties are all residents of South Carolina, or entities organized and existing pursuant to the laws of South Carolina. S.C. Code § 15-7-30(C)(2), (E)(2).

## FACTUAL BACKGROUND

9.    At the time of his death on September 12, 2013, Michael Knight was 24 years old, one week from his 25th birthday. He was the father of one year old Robert Knight.

10.    This lawsuit is brought on behalf of Michael Knight's estate by Sherry Knight, Michael's mother and the personal representative appointed to his estate.

11.    On September 12, 2013, Michael Knight, and his brother Christopher Knight, were customers upon the premises of the North Park Grill, in North Charleston, South Carolina.

12.    The North Park Grill is a food and beverage establishment located at 8780 Rivers Avenue, Unit A-126, North Charleston, South Carolina.

13.    On the evening of Michael's death, Defendant Chad Cochran was also a customer upon the premises at the North Park Grill.

14.    Upon information and belief, Chad Cochran began a verbal altercation with Christopher Knight while upon the premises at the North Park Grill.

3

15.     Upon information and belief, no representative of the North Park Grill made any effort to stop this altercation, nor to engage law enforcement, or security personnel to stop the altercation.

16.     The altercation continued into the parking lot area of the North Park Grill, at which time Chad Cochran drew a Kimber Pro TLE/R-II 45 calibur handgun, kicked Michael Knight in the torso, and fired a single shot into Michael's chest.

17.     Upon information and belief, no representative of the North Park Grill contacted emergency services to respond to the scene.

18.     Instead, upon information and belief, an independent witness and/or Christopher Knight called emergency services who responded to the scene to find Michael Knight, alive but in critical condition.

19.     Michael Knight was lucid as he was transported to Trident Hospital for treatment.

20.     Within hours of being shot by Chad Cochran, Michael succumbed to his injuries and died.

21.     Upon information and belief, as a result of his role in the death of Michael Knight, Chad Cochran was arrested.

22.     Upon information and belief, on June 4, 2015, Chad Cochran plead guilty to voluntary manslaughter for his role in the shooting of Michael Knight.

23.     Upon information and belief, from 2011 through January of 2014 over 55 incidents were reported to police upon the premises of Defendants Otranto Plaza and North Park Grill.

24.     Upon information and belief, this number has only increased since 2014.

4

25.    These incidents involved both minor crimes as well as violent occurrences.

26.    These occurrences include but are not limited to the following:

     a.    Petty theft;

     b.    Shoplifting;

     c.    Copper theft;

     d.    Auto break-ins;

     e.    Fraud;

     f.    Public intoxication;

     g.    Simple assault;

     h.    Armed robbery;

     i.    Burglary/ Breaking and entering;

     j.    Simple possession;

     k.    Unlawful carrying of a pistol;

     l.    Disorderly conduct;

     m.    Trespass;

     n.    Assault and battery;

     o.    Vandalism;

     p.    Homicide.

27.    Numerous of the above referenced incidents occurred on the premises of Defendant North Park Grill or directly in its parking lot, including instances of unlawful carrying of a pistol, reports of assault and battery and disorderly conduct.

28.    These incidents both predate and postdate the shooting death of Michael Knight, and placed Defendants North Park Grill/ Stanec Enterprises, LLC and Otranto Plaza on notice of the need for security upon the premises, or adequate access to law enforcement personnel.

29.    Despite knowledge of these particularized violent occurrences, which would put a reasonable business owner on notice of the responsibility to protect customers from a foreseeable risk, Defendant North Park Grill and Otranto Plaza instituted no security measures designed to prevent or mitigate the existence of violent crime.

30.    The failure of Defendants North Park Grill/ Stanec Enterprises, LLC, and Otranto Plaza to protect customers from foreseeable risk of injury from third party harm constitutes negligent, grossly negligent, reckless, willful and wanton conduct, which directly and proximately led to the death of Michael Knight.

## FOR A FIRST CAUSE OF ACTION AS TO DEFENDANTS
## NORTH PARK GRILL/STANEC ENTERPRISES,LLC AND OTRANTO PLAZA
### (Survival)

31.    Plaintiff realleges the preceding paragraphs as though repeated verbatim herein.

32.    Upon information and belief, Defendants owned, operated, and had exclusive control over the premises upon which this incident occurred.

33.    As the owners of the subject premises, Defendants owed Michael Knight a duty to use reasonable care to protect Michael Knight from harm, including the foreseeable risk of harm caused by third parties.

6

33.     As set forth above, as a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, willful and wanton breach of duty, Michael Knight was shot and killed on the evening of September 12, 2013.

34.     Defendants' acts that proximately caused Michael Knight's injuries and death include, but are not limited to, the following:

a.     The failure of Defendants to provide security services upon the premises sufficient to prevent the foreseeable risk of violent crime;

b.     The failure of Defendants to provide law enforcement personnel upon the premises sufficient to prevent the foreseeable risk of violent crime;

c.     The failure of Defendants to impose rules and restrictions upon the premises sufficient to prevent the foreseeable risk of violent crime;

d.     The failure of the Defendants to adequately and timely respond to known threats of violence sufficient to prevent the foreseeable risk of shooting upon the premises;

e.     The failure to have adequate, timely access to local law enforcement personnel sufficient to prevent the foreseeable risk of violent crime;

f.     The failure of Defendants to perform adequate security checks of patrons entering upon the premises, despite the known risk of customers carrying arms upon the premises;

g.     Such other particulars as may be determined during discovery and trial.

35.    As a direct result of Defendants' negligent, grossly negligent, reckless, willful and wanton conduct, described more fully above, Michael Knight was severely injured, suffered needlessly both mentally and physically, and subsequently died from his injuries.

36.    Plaintiff is entitled to judgment against Defendants for actual, consequential, and punitive damages for the Defendants' actions.

## FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
## CHAD THOMAS COCHRAN
### (Survival)

37.    Plaintiff realleges the preceding paragraphs as though repeated verbatim herein.

38.    As set forth above, as a direct and proximate result of Defendant's negligent, grossly negligent, intentional, reckless, willful and wanton conduct, Michael Knight was shot and killed on the evening of September 12, 2013.

39.    Defendant's acts that proximately caused Michael Knight's injuries and death include but are not limited to the following:

a.    Carrying a firearm onto a business premises;

b.    Initiating a verbal altercation with the deceased and/or the deceased's brother;

c.    Intentionally, and without the deceased's permission, using physical force against the deceased by kicking him, such that Michael Knight was reasonably in fear for his safety;

d.    Deploying a firearm upon Michael Knight and mortally wounding him;

8

     f.     Such other particulars as may be determined during discovery and trial.

40.     As a direct and proximate result of Defendant's negligent, grossly negligent, intentional, reckless, willful and wanton conduct, described more fully above, Michael Knight was severely injured, suffered needlessly, both physically and mentally and subsequently died from his injuries.

41.     Plaintiff is entitled to judgment against Defendant for actual, consequential, and punitive damages for Defendant's actions.

## FOR A SECOND CAUSE OF ACTION AS TO ALL DEFENDANTS
### (Wrongful Death Under S.C. Code § 15-51-10, *et seq.*)

42.     Plaintiff reallages the preceding paragraphs as though repeated verbatim herein.

43.     Plaintiff brings this action for the wrongful death of Michael Knight pursuant to S.C. Code § 15-51-10, *et seq.* on behalf of the statutory heirs of Michael Knight, who died on or around September 12, 2013.

44.     The death of Michael Knight was caused as a direct and proximate result of the negligent, grossly negligent, reckless, intentional, willful and wanton conduct of the Defendants as set forth more fully above.

45.     As a direct and proximate result of the negligent, grossly negligent, reckless, intentional, willful and wanton conduct of Defendants, Michael Knight 's statutory heirs have been damages and suffered as follows:

     a.     loss of financial, economic support, and contribution;

     b.     extreme mental shock and suffering;

     c.     tremendous grief and sorrow;

9

    d.      loss of the parental relationship;

    e.      loss of the relationship with a child;

    f.      loss of friendship and companionship; and

    g.      deprivation of the use and comfort of the deceased's society, knowledge, judgment, and experience.

46.    As a direct and proximate result of Defendant's negligent, grossly negligent, reckless, intentional, willful and wanton conduct as described more fully above, Plaintiff is also entitled to consequential and punitive damages in an amount to be determined by a jury in accordance with the law and evidence in this case.

WHEREFORE, Plaintiff individually, and in her fiduciary capacity as the personal representative of the Estate of Michael Knight, prays for judgment against Defendants, jointly and severally, for actual, consequential and punitive damages, for costs associated with this action, and for such other relief in law or equity as this court deems just and proper.

STROM LAW FIRM, LLC

Jessica L. Fickling
Mario A. Pacella
2110 N. Beltline Boulevard
Columbia, SC 29204
TEL: (803) 252-4800
FAC: (803) 252-4801
jfickling@stromlaw.com
mpacella@stromlaw.com

This 11th day of September, 2015.

10

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | ) | FOR THE 9TH JUDICIAL CIRCUIT |

SHERRY KNIGHT, as personal          )      C/A No.: 2015-CP-10-3906
Representative for the Estate of Michael )
Knight,                             )
                                    )
                 Plaintiff,         )
                                    )      2nd AMENDED COMPLAINT
v.                                  )      (Jury Trial Demanded)
                                    )
Chad Thomas Cochran, Stanec Enterprises, )
LLC d/b/a North Park Grill,         )
Laramie/Otranto Limited Partnership d/b/a )
Otranto Plaza, and Dial, Dunlap &   )
Edwards o/b/o Laramie/Otranto Limited )
Partnership,                        )
                                    )
                 Defendants.        )

        PLAINTIFF, Sherry Knight, individually and in her fiduciary capacity as personal

representative for the Estate of Michael Knight, would respectfully show unto the Court

as follows:

## NATURE OF THE CASE

        1.      Plaintiff, Sherry Knight ("Plaintiff") brings this action to recover damages

arising out of, and related to, the wrongful acts of Defendants Chad Thomas Cochran

("Defendant Cochran"), Stanec Enterprises, LLC ("Defendant Stanec"), Laramie/Otranto

Limited Partnership ("Defendant Laramie/Otranto"), and Dial, Dunlap & Edwards

("Defendant Dial"), which led to the death of decedent Michael Knight on or around

September 1, 2013.

        2.      As further set forth below, as a direct and proximate result of Defendants'

negligent, negligent per se, grossly negligent, intentional, reckless and willful and wanton

actions, including but not limited to voluntary manslaughter, failure to provide adequate

security, access to security, and/or rules, restrictions, policies and procedures designed to prevent the commission of violent crimes, all in contravention of South Carolina statutory and common law, Defendants are liable to Plaintiff for the wrongful death of Michael Knight.

## PARTIES

3.    Plaintiff Sherry Knight, is the duly appointed personal representative of the Estate of Michael Knight (Estate # 2014-ES-08-106), and Michael Knight's biological mother. Sherry was appointed personal representative by Order of the Berkely County Probate Court issued February 10, 2014, and is a resident of Goose Creek, South Carolina. Plaintiff currently has custody of the decedent's minor child, Robert Knight.

4.    At all times relevant to this Complaint, Defendant Chad Thomas Cochran was a resident of North Charleston, South Carolina residing at 7925 St. Ives Road, #12E. Defendant Cochran is currently an inmate at Perry Correctional Institute, in South Carolina, following a guilty plea in or around June of 2015, where he pled guilty to voluntary manslaughter.

5.    Upon information and belief, at all times relevant to this Complaint, Defendant Stanec Enterprises, LLC has been a limited liability corporation, organized and existing pursuant to the laws of South Carolina, and doing business as North Park Grill, with a principle address of 8780 Rivers Avenue, North Charleston, South Carolina, 29406.

6.    Upon information and belief, at all times relevant to this Complaint, Defendant Laramie/Otranto has been a limited liability partnership organized and existing pursuant to the laws of the State of South Carolina, whose primary address is 8780 Rivers

Avenue, North Charleston, South Carolina, 29406, and whose owner resides at 500 N. Broadway, Ste. 239 Jericho, New York, 11753.

7.     Upon information and belief, Defendant Dial, Dunlap & Edwards, LLC is an entity organized and existing pursuant to the laws of South Carolina, and at all times relevant to this Complaint, was authorized, and expressly empowered to advise, supervise, control and/or make decisions on behalf of Defendant Laramie/Otranto in the daily operation of 8780 Rivers Avenue, North Charleston, South Carolina, 29406.

## JURISDICTION AND VENUE

8.     Jurisdiction and venue are proper before this Court as the actions that are the subject matter of this Complaint took place in North Charleston, South Carolina, upon or around the premises at 8780 Rivers Avenue, North Charleston, South Carolina, 29406. Furthermore, all parties are residents of South Carolina, or organized and existing pursuant to the laws of South Carolina. S.C. Code § 15-7-30(C)(2), (E)(2).

## FACTUAL ALLEGATIONS AS TO DEFENDANT COCHRAN

9.     At the time of his death on September 12, 2013, Michael Knight was 24 years old, one week from his 25th birthday. He was the father of one year old Robert Knight.

10.     This lawsuit is brought on behalf of the estate of Michael Knight, by Sherry Knight, Michael's mother and the personal representative appointed to his estate.

11.     On or around September 12, 2013, Michael Knight and his brother Christopher Knight were patrons upon the premises at North Park Grill, in North Charleston, South Carolina.

3

12.    At all times relevant to this Complaint, the North Park Grill was an establishment located at 8780 Rivers Avenue, Unit A-126, in North Charleston, which served food and alcoholic beverages.

13.    On the evening of Michael's death, Defendant Chad Cochran was also a customer upon the premises at North Park Grill, and was carrying a weapon, which, upon information and belief, he revealed to other patrons of the restaurant.

14.    Upon information and belief, during the course of the evening, and while a patron of the North Park Grill, Chad Thomas Cochran began a verbal altercation with Christopher Knight.

15.    At some point during the evening, the altercation continued into the parking lot area of the North Park Grill, at which time Chad Cochran drew a Kimber Pro TLE-R-II 45 calibur handgun, kicked Michael Knight in the torso, and fired a single shot into Michael's chest.

16.    Upon information and belief, Defendant Cochran fled from the scene, and failed to contact emergency services.

17.    Instead, upon information and belief, an independent witness and/or Christopher Knight called emergency services who responded to the scene to find Michael Knight, alive but in critical condition.

18.    Michael Knight was lucid as he was transported to Trident Hospital for treatment.

19.    Within hours of being shot by Chad Cochran, Michael succumbed to his injuries and died.

4

20.    Upon information, and belief, as a result of his role in the death of Michael Knight, Chad Cochran was arrested and prosecuted.

21.    On or around June 4, 2015, Chad Cochran pled guilty to voluntary manslaughter for his role in the death of Michael Knight.

### FACTUAL ALLEGATIONS AS TO DEFENDANTS STANEC, LARAMIE/OTRANTO AND DIAL, DUNLAP & EDWARDS

22.    On the evening of September 12, 2013, Defendant Chad Thomas Cochran, and the deceased, Michael Knight, were patrons upon the premises of Defendant Stanec Enterprises, LLC d/b/a North Park Grill.

23.    During the evening of September 12, 2013, Defendant Stanec became aware of an altercation that began upon its premises between Defendant Cochran and the deceased, Michael Knight.

24.    Furthermore, upon information and belief, during the evening of September 12, 2013, Defendant Stanec was aware, or willfully ignored the fact that Defendant Cochran was carrying a weapon upon Defendant Stanec's premises.

25.    However, upon information and belief, at no point during the evening of September 12, 2013, did any representative from Defendant Stanec make any effort to stop this altercation, to engage law enforcement, or other security personnel, or to remove the patrons from the premises.

26.    Furthermore, upon information and belief, at no point during its operation as North Park Grill did Defendant Stanec preclude patrons from carrying weapons upon its premises.

27.    Defendant Stanec was aware that the altercation between its patrons moved from the interior of Defendant's business to the business parking lot area, and was further aware that the altercation ended with the shooting of Michael Knight.

28.    At no point in time were security services ever present upon the premises to interrupt, stop, or provide relief of any kind from this altercation.

29.    Upon information and belief, from 2011 through January of 2014, over 55 incidents were reported to police upon the premises that is the subject matter of this complaint.

30.    Upon information and belief, these incidents were reported to, known by, and understood by Defendants Stanec Enterprises, LLC, Laramie/Otranto and Dial, Dunlap & Edwards.

31.    Upon information and belief, this number has only increased since 2014.

32.    The incidents that occurred upon the premises involved both minor crimes as well as violent occurrences.

33.    These occurrences include but are not limited to the following:

    a.    Petty theft;

    b.    Shoplifting;

    c.    Copper theft;

    d.    Auto break-ins;

    e.    Fraud;

    f.    Public intoxication;

    g.    Simple assault;

    h.    Armed robbery;

    i.      Burglary/ Breaking and Entering;

    j.      Simple possession;

    k.     Unlawful carrying of a pistol;

    l.      Disorderly conduct;

    m.    Trespass;

    n.     Assault and battery;

    o.     Vandalism;

    p.     Homicide.

34.    Numerous of the above referenced incidents occurred in the ingress and/or egress of North Park Grill, owned and operated by Defendant Stanec, including instances of unlawful carrying of a pistol, reports of assault and battery and disorderly conduct.

35.    These incidents both predate and postdate the shooting death of Michael Knight, and placed Defendants Stanec, Laramie/Otranto, and Dial, Dunlap & Edwards on notice of the need for security upon the premises, or adequate access to law enforcement, and/or adequate policies and procedures to address and eliminate threats to security upon the premises.

36.    Moreover, the contract in place between Defendants Stanec and Laramie/Otranto, to be carried out by Defendant Dial, Dunlap & Edwards, expressly contemplated that security services would be provided upon the premises.

37.    Yet, upon information and belief, and despite knowledge of particularized violent occurences, and the existence of a contractual obligation for security services, Defendants Stanec, Laramie/Otranto, and Dial, Dunlap and Edwards failed to institute or provide security measures designed to prevent or mitigate the existence of violent crime.

38.     The failure of Defendants Stanec, Laramie/Otranto and Dial, Dunlap and Edwards, to protect customers from these foreseeable risks of harm constitutes negligent, grossly negligent, reckless, willful and wanton conduct, which directly and proximately led to the death of Michael Knight.

**FOR A FIRST CAUSE FO ACTION AS TO DEFENDANTS STANEC
ENTERPRISES, LLC, LARAMIE/OTRANTO LMTD.
AND DIAL, DUNLAP & EDWARDS**
**(Survival)**

39.     Plaintiff realleges paragraphs one through eight (1-8), paragraphs nine through twelve (9-12) and paragraphs twenty-two through thirty-seven (22-38) as though repeated verbatim herein.

40.     Upon information and belief, Defendants owned, operated, and had exclusive control over the premises upon which this incident occurred.

41.     As the owners, operators, and/or those with exclusive control over the subject premises, Defendants owed to Michael Knight a duty to use reasonable care to protect Michael Knight from harm, including the foreseeable risk of harm caused by third parties.

42.     Furthermore, Defendants Laramie/Otranto and Dial, Dunlap & Edwards assumed a contractual obligation to provide security services, which Defendants failed to provide.

43.     As set forth above, as a direct and proximate result of Defendants' negligent, grossly negligent, reckless, willful and wanton failures with regard to duties owed, Michael Knight was shot and killed upon the premises on the evening of September 12, 2013.

8

44.    Defendants' acts that proximately led to the death of Michael Knight include but are not limited to the following:

a.    The failure of Defendants to provide security services upon the premises sufficient to prevent the foreseeable risk of violent crime;

b.    The failure of Defendants to provide law enforcement personnel upon the premises sufficient to prevent the foreseeable risk of violent crime;

c.    The failure of Defendants to impose rules and restrictions upon the premises sufficient to prevent the foreseeable risk of violent crime;

d.    The failure of Defendants to adequately and timely respond to known threats of violence sufficient to prevent the foreseeable risk of shooting upon the premises;

e.    The failure to have adequate, timely access to local law enforcement personnel sufficient to prevent the foreseeable risk of violent crime;

f.    The failure of Defendants to have adequate policies and procedures regarding the service of alcohol upon the premises;

g.    The failure of Defendants to enforce policies and procedures regarding the service of alcohol upon the premises;

h.    The failure of Defendants to eject Defendant Cochran from its premises after witnessing Defendant Cochran initiate an altercation upon the premises;

      i.      The failure of Defendants to adequately train, supervise, or monitor employees upon the premises;

      j.      The failure of Defendants to require tenants to create and impose adequate policies and procedures regarding security upon the premises;

      k.      The failure of Defendants to perform adequate security checks of patrons entering upon the premises, despite the known risk of customers carrying arms upon the premises;

      l.      The failure of Defendants to impose adequate policies and procedures regarding weapons upon the premises, despite the known risk of customers carrying arms upon the premises;

      m.      The failure of Defendants to adequately and safely control the actions of its patrons, despite the ability and responsibility to do so;

      n.      The failure of Defendants to abide by plain contractual obligations requiring the provision of security services; and

      o.      Such other particulars as may be determined during discovery and trial

45.    As a direct and proximate result of Defendants' negligent, grossly negligent, reckless, willful and wanton conduct, described more fully above, Michael Knight was severely injured, suffered needlessly both mentally and physically, and subsequently died from his injuries.

46.    Plaintiff is entitled to judgment against Defendants for actual, consequential, and punitive damages for the Defendants' actions.

### FOR A FIRST CAUSE OF ACTION AS TO DEFENDANT CHAD THOMAS COCHRAN

**(Survival)**

47.     Plaintiff realleges the preceding paragraphs as though repeated verbatim herein.

48.     As set forth above, as a direct and proximate result of Defendant's negligent, grossly negligent, intentional, reckless, willful and wanton conduct, Michael Knight was shot and killed on the evening of September 12, 2013.

49.     Upon information and belief, on June 4, 2015, Defendant Chad Thomas Cochran pled guilty to voluntary manslaughter in the shooting death of Michael Knight.

50.     S.C. Code § 16-3-50 defines "manslaughter" as the "unlawful killing of another without malice."

51.     In general, the violation of a statute, where the violation affects a person who is a member of the class of individuals intended for protection, establishes the negligence per se of the offender.

52.     Defendant Cochran violated South Carolina statutory law in one or more of the following particulars:

    a.      Carrying a firearm onto a business premises;

    b.      Deploying a firearm upon Michael Knight and mortally wounding him;

    c.      Such other particulars as may be revealed during discovery or trial.

53.     As a direct and proximate result of Defendant's negligent, grossly negligent, reckless, willful and wanton conduct, described more fully above, Michael Knight was severely injured, suffered needlessly, both physically and mentally and subsequently died from his injuries.

11

54.    Plaintiff is entitled to judgment against Defendant for actual, consequential, and punitive damages for Defendant's actions.

**FOR A SECOND CAUSE OF ACTION AS TO DEFENDANTS STANEC,
LARAMIE/OTRANTO, AND DIAL, DUNLAP & EDWARDS, LLC
( Wrongful Death Pursuant to S.C. Code § 15-51-10, *et seq.*)**

55.    Plaintiff realleges paragraphs one through eight (1-8), nine through twelve (9-12), paragraphs twenty-two through thirty-seven (22-37) and paragraphs thirty-eight through forty-six (38-46) as though repeated verbatim herein.

56.    Plaintiff brings this action for the wrongful death of Michael Knight pursuant to S.C. Code §15-51-10, *et seq.* on behalf of the statutory beneficiaries of Michael Knight, who died on or around September 12, 2013.

57.    The death of Michael Knight was caused as a direct and proximate result of the negligent, grossly negligent, reckless, intentional, willful and wanton conduct of the Defendants as set forth more fully above.

58.    As a direct and proximate result of the negligent, grossly negligent, reckless, intentional, willful and wanton conduct of Defendants, Michael Knight's statutory heirs have been damages and have suffered as follows:

    a.    Loss of financial, economic support, and contribution;

    b.    Extreme mental shock, and suffering;

    c.    Tremendous grief and sorrow;

    d.    Loss of the parental relationship;

    e.    Loss of the relationship with a child;

    f.    Loss of friendship and companionship; and

g.     Deprivation of the use and comfort of the deceased's society, knowledge, judgment, and experience.

59.    As a direct and proximate result of Defendant's negligent, grossly negligent, reckless, intentional, willful and wanton conduct as described more fully above, Plaintiff is also entitled to consequential and punitive damages in an amount to be determined by a jury in accordance with the law and evidence in this case.

**FOR A SECOND CAUSE OF ACTION AS TO DEFENDANTS COCHRAN**
**( Wrongful Death Pursuant to S.C. Code § 15-51-10, *et seq.*)**

60.    Plaintiff realleges the preceding paragraphs as though repeated verbatim herein.

61.    Plaintiff brings this action for the wrongful death of Michael Knight pursuant to S.C. Code §15-51-10, *et seq.* on behalf of the statutory beneficiaries of Michael Knight, who died on or around September 12, 2013.

62.    The death of Michael Knight was caused as a direct and proximate result of the negligent, grossly negligent, reckless, intentional, willful and wanton conduct of the Defendant as set forth more fully above.

63.    As a direct and proximate result of the negligent, grossly negligent, reckless, intentional, willful and wanton conduct of Defendant, Michael Knight's statutory heirs have been damages and have suffered as follows:

a.     Loss of financial, economic support, and contribution;

b.     Extreme mental shock, and suffering;

c.     Tremendous grief and sorrow;

d.     Loss of the parental relationship;

e.     Loss of the relationship with a child;

13

    f.  Loss of friendship and companionship; and

    g.  Deprivation of the use and comfort of the deceased's society, knowledge, judgment, and experience.

  64.  As a direct and proximate result of Defendant's negligent, grossly negligent, reckless, intentional, willful and wanton conduct as described more fully above, Plaintiff is also entitled to consequential and punitive damages in an amount to be determined by a jury in accordance with the law and evidence in this case.

  WHEREFORE, Plaintiff individually, and in her fiduciary capacity as the personal representative of the Estate of Michael Knight, prays for judgment against Defendants, jointly and severally, for actual, consequential and punitive damages, for costs associated with this action, and for such other relief in law or equity as this court deems just and proper.

          STROM LAW FIRM, LLC

          Jessica L. Fickling
          Mario A. Pacella
          2110 N. Beltline Boulevard
          Columbia, SC 29204
          TEL: (803) 252-4800
          FAC: (803) 252-4801
          jfickling@stromlaw.com
          mpacella@stromlaw.com

          *Attorneys for the Plaintiff*

This 31 day of March, 2016
Columbia, South Carolina

14